**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS M. DELEON, II and SALLY DELEON, Conservators of the Estate of Thomas M. deLeon, III,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISTA; COUNTY OF SAN DIEGO; WILLIAM D. GORE; KYLE KLEIN; JARED MULI; ELIAS VENTURA; and JOHN FRANKLIN,<br><br>Defendants. | CASE NO. 18cv0714 JM(BGS)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendants City of Vista ("City"), County of San Diego ("County"), San Diego County Sheriff William D. Gore ("Sheriff"), in his official capacity, City's Deputy Mayor John Franklin ("Deputy Mayor"), in his official capacity, and County Deputies Kyle Klein, Jared Muli, and Elias Ventura (collectively "Deputies") move to dismiss all federal and state law claims alleged in the First Amended Complaint ("FAC"). Plaintiffs Thomas M. deLeon, II and Sally deLeon, Conservators of the Estate of Thomas M. deLeon, III ("Thomas"), oppose all motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants in part and denies in part the motions to dismiss. The Court also grants 15 days leave to amend from the date of entry of this order.

# BACKGROUND

Removed from the San Diego Superior Court on April 1, 2018, the FAC, filed on May 7, 2018, alleges nine causes of action for (1) excessive force, 42 U.S.C. § 1983; (2) failure to properly train , 42 U.S.C. § 1983; (3) failure to properly supervise and discipline, 42 U.S.C. § 1983; (4) assault; (5) battery; (6) negligence; (7) violation of California Civil Code § 52.1; (8) violation of California Civil Code § 51.7; and (9) infliction of emotional distress. (ECF 7). The City allegedly contracts with County to provide "police services" to the City. (FAC ¶13). Plaintiffs claims arise from the following allegations.

Plaintiffs are the parents and conservators of the estate of Thomas. On December 20, 2016, Thomas, then nearly 59 years old, rode his bicycle on Rollins Way in Vista, California when he was "confronted" by Deputies Klein, Muli, and Ventura. (FAC ¶16). After handing the Deputies his identification,

> Thomas was thrown to the ground by the deputies and forced face down, hand [sic] behind his back in the "handcuffing" position. Then, the deputies repeatedly punched and kicked Thomas in the area of his head, face, neck and spine, repeated knees [sic] to Thomas' body, face, neck and spine area.

(FAC ¶18). "Thomas was unarmed and not fighting with the deputies." (FAC ¶19). Thomas was transported to Tri-City Medical Center in Oceanside where he was treated for his injuries. (FAC ¶20).

# DISCUSSION

**Legal Standards**

Fed.R.Civ.P.12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>United States v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007). In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit has stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint

> or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

**The Motion**

<u>The Monell Claims and Respondeat Superior</u>

Defendants City, County, Sheriff, and Deputy Mayor move to dismiss the <u>Monell</u> and respondeat superior claims asserted against them in the Second and Third causes of action on grounds that the FAC's allegations are conclusory and fail to state a claim for municipal or respondeat superior liability. Under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. The term "person" has been interpreted broadly, even to include cities, counties, and other local government entities. See <u>Monell v. New York City Dep't of Social Services</u>, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel cannot be held liable under §1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See <u>Monell</u>, 436 U.S. at 691-693; <u>Watts v. County of Sacramento</u>, 256 F.3d 886, 891 (9th Cir. 2001); <u>Shaw v. California Dep't of Alcoholic Beverage Control</u>, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403-04 (1997) (citing <u>Monell</u>, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so

widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that the employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986, 992-93 (9th Cir. 2011). A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006). "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

Plaintiffs allege that City and County are liable under 42 U.S.C. §1983 for failure to properly train their public safety officers (Second Cause of Action) and failure to properly supervise and discipline them (Third Cause of Action). Defendants Sheriff and Deputy Mayor are allegedly liable for the force applied to Thomas in their official capacities as Sheriff and Deputy Mayor for their alleged failure in training and disciplining public safety officers.

The failure to adequately train public safety officers is actionable under 42 U.S.C. §1983 where the failure to do so "amounts to deliberate indifference to the rights of persons with whom the police come into contact" such that the failure to train may be considered an official policy or custom that caused the constitutional deprivation. City of Canton v. Harris, 489 U.S. 489 378, 388 (1989). Deliberate

indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citations omitted). Thus, a municipal policy maker must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." Id. Otherwise, "de facto respondeat superior liability" would result. Id. at 62. Thus, a plaintiff must allege and prove a "pattern of similar constitutional violations by untrained employees" or "[a failure] to train its employees to handle recurring situations presenting an obvious potential for" constitutional violations . Id.; Board of Cty. Com'rs of Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997).

The FAC's allegations fall short of establishing a Monell failure to train claim. Plaintiffs allege that County, City, Sheriff, and Deputy Mayor "looked the other way" to reports of excessive force; "failed to maintain adequate training for public safety officers;" promoted an unwritten "code of loyalty" to fellow officers over the public; and failed to prevent consistent and the systematic use of excessive force. (FAC ¶¶31-38). These conclusory allegations fail to comply with the requisite pleading standards. After Iqbal, boilerplate allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 56 U.S. at 662.

The failure to adequately supervise public safety officers, the Third Cause of Action, may also give rise to Monell liability. "Failure to supervise can be a basis for section 1983 liability under Monell, but only if the plaintiff [alleges and] can prove that the municipality failed properly to supervise its employees, the inadequate supervision caused a violation of the plaintiff's rights, and the inadequate supervision amounted to deliberate indifference because the County disregarded a known or obvious risk that its inadequate supervision would lead to a constitutional violation. [Citations]." Collier v. United States, 2008 WL 927911, at *12 (C.D. Cal. Apr. 3, 2008), aff'd sub nom. Collier v. Cty. of Los Angeles, 296 F. App'x 594 (9th Cir. 2008).

The FAC's allegations fall short of establishing a failure to supervise Monell claim. Plaintiffs allege that Defendants maintain a custom, practice and policy of failing to "maintain adequate and proper supervision" necessary to educate officers on the constitutional rights of arrestees and to prevent excessive force. (FAC ¶¶40-44). As with the failure to train claim, boilerplate allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 56 U.S. at 662. Plaintiffs fail to articulate a non-conclusory custom, practice or policy attributable to Defendants.[1]

Plaintiffs, in reliance upon a pre-Iqbal Seventh Circuit decision in Sledd v. Lindsay, 102 F.3d 282, 288-899 (7th Cir. 1996), contend that generalized notice allegations are sufficient to state a claim. The Seventh circuit noted "that on a Rule 12(b)(6) motion the plaintiff must be allowed to go forward with the case if relief could be granted under any set of facts that the plaintiff could prove consistent with the allegations in the complaint." Id. at 289. After Iqbal and Ashcroft, Rule 8(a) requires that all well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct. Ashcroft, 556 U.S. at 678. Plaintiffs' generalized allegations of custom, practice, and policy fail to establish more than a possibility that the Defendants acted unlawfully. Id.[2]

In sum, the court grants the motions of Defendants City, County, Sheriff, and Deputy Mayor to dismiss the Second and Third Causes of Action. The court also grants Plaintiffs 15 days leave to amend the complaint from the date of entry of this order.

---

[1] In large part, Plaintiffs cite derogative materials involving Defendant Klein in response to Defendants' motion. The court notes that such purported evidentiary materials are generally not appropriately raised at the pleading stage.

[2] The court notes that Iqbal raised the pleading bar in the Ninth Circuit after Whitaker v. Garcetti, 486 F.3d 572, 581. Because discovery required for a Monell claim is frequently and uniquely within the possession of Defendants, it is the court's practice to permit a civil rights plaintiff the opportunity to conduct discovery, where appropriate, prior to seeking leave to amend a Monell claim.

State Law Claims Against County

County moves to dismiss all state law claims because Plaintiffs purportedly failed to comply with the claims presentment requirement of Govt. Code §915(a). Under California law, conditions precedent to maintaining an action for damages against a government entity are: (1) the timely presentation of a prelawsuit claim; and (2) the government entity's actual rejection of the claim or rejection by operation of law. Govt. Code §915(a); DiCampli-Mintz v. County of Santa Clara, 55 Cal. 4th 983, 990 (2012). A claim for personal injury damages must be presented within six months of the cause of action's accrual. Govt. Code §911.2. A claim shall be presented by delivery or mailing to the "clerk, secretary, auditor, or to the governing body at its principal place of business." Govt. Code §915(a)(1)-(2). Alternatively, even though the claim is not delivered or mailed as prescribed, it shall be deemed presented if "[i]t is actually received by the clerk, secretary, auditor or board of the local public entity." Govt. Code §915(e)(1).

Here, Plaintiffs simply allege that "Plaintiffs have complied with Cal. Govt. Code §§800 et seq.," (FAC ¶4), without citing the claims presentment requirements of Cal. Govt. Code §§900 et seq. Plaintiffs also argue that the administrative claim "was either delivered or mailed to the clerk and the County at its principal place of business." (Oppo. at p.11:20-21). Apparently, Plaintiffs presented an administrative claim to the City, and then the City forwarded the claim to County. As the FAC fails to provide sufficient allegations regarding compliance with the claims presentment requirements, the court grants the motion.[3] Plaintiffs also represent that an amendment may cure perceived deficiencies.

In sum the court grants County's motion to dismiss the state law claims with 15 days leave to amend from the date of entry of this order.

---

[3] From the parties' papers, the court notes that it is unclear whether presentment of an administrative claim to Vista satisfies the presentment requirement as to County, where Vista contracted for police services from County.

<u>State Law Claims Against City</u>

In light of Plaintiffs' representation that an amended complaint will provide additional clarity and context to Plaintiffs' claims, the court defers ruling on the state law claims until Plaintiffs file a Second Amended Complaint.

<u>State Law Claims Against Deputies</u>

County Deputies Muli and Klein move to dismiss the six state law claims alleged against them because, as argued by County, Plaintiffs fail to allege that they presented a timely claim to County as required by Govt. Code §915(a). The FAC alleges that "Plaintiffs have complied with Government Code §§800 <u>et seq</u>." (FAC ¶ 4). This bare allegation is insufficient to show that Plaintiffs complied with the claims presentment requirements of Govt. Code §900 <u>et seq</u>. Plaintiffs also request leave to amend to correct any pleading deficiency. Accordingly, the court grants the motion to dismiss the state law claims against Deputies with leave to amend.

In sum, the court grants in part and denies in part the motion to dismiss with 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: September 11, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties