UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. DELEON, II and SALLY DELEON, Conservators of the Estate of Thomas M. deLeon, III, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VISTA; COUNTY OF SAN DIEGO; WILLIAM D. GORE; KYLE KLEIN; JARED MULI; ELIAS VENTURA; and JOHN FRANKLIN, <br><br> Defendants. | CASE NO. 18cv714 JM(BGS) <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS |

Defendants City of Vista ("City"), County of San Diego ("County"), San Diego County Sheriff William D. Gore ("Sheriff"), in his official and individual capacities, City's Deputy Mayor John Franklin ("Deputy Mayor"), in his official and individual capacities, and County Deputies Kyle Klein, Jared Muli, and Elias Ventura (collectively "Deputies") move to dismiss the federal and state law claims alleged in the Second Amended Complaint ("SAC").[1] Plaintiffs Thomas M. deLeon, II and Sally deLeon, Conservators of the Estate of Thomas M. deLeon, III ("Thomas"), oppose all motions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented

---

[1] Deputies do not seek dismissal of the First Cause of Action for violation of 42 U.S.C. §1983, excessive force. On November 26, 2018, Plaintiffs voluntarily dismissed the Fifth Cause of Action for state law negligence against Sheriff and Deputy Mayor. At the same time, they also dismissed their claim for punitive damages against County and City.

appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motions to dismiss the Monell claim, the Second Cause of Action, and denies the remainder of the motions to dismiss.

**BACKGROUND**

Removed from the San Diego Superior Court on April 1, 2018, the SAC, filed on September 26, 2018, alleges eight causes of action for (1) excessive force and unlawful search and seizure in violation of 42 U.S.C. § 1983; (2) unlawful policies, customs or habits in violation of 42 U.S.C. § 1983; (3) assault; (4) battery; (5) negligence; (6) violation of California Civil Code § 52.1; (7) violation of California Civil Code § 51.7; and (8) infliction of emotional distress. (ECF 30). The City allegedly contracts with County to provide "police services" to the City. (SAC ¶¶5, 15). Plaintiffs claims arise from the following allegations.

Plaintiffs are the parents and conservators of the estate of Thomas. On December 20, 2016, Thomas, then nearly 59 years old, rode his bicycle on Rollins Way in Vista, California when he was "confronted" by Deputies Klein, Muli, and Ventura. (FAC ¶16). After handing the Deputies his identification,

> [h]e was not moving in any direction. Then, suddenly and without warning, Thomas was violently slammed to the ground, his head hitting the asphalt/concrete first. At this time, Thomas' bicycle was still between his legs. Thomas was immediately handcuffed with his hands behind his back, in the prone position, face down on the ground. Thomas offered no resistance to the actions of the deputies and was motionless. Only after Thomas was placed in restraints and was totally motionless, the deputies commenced violently beating Thomas. They repeatedly punched and kicked Thomas in the area of his head, face, neck and spine, repeated knees to Thomas' body, face, neck and spine area. At one point deputy Klein stopped, observed Thomas motionless, gathered himself into a more powerful "kicking" stance, and scissor kicked Thomas in the face and head. Immediately thereafter, deputy Klein looked around to determine if anyone had witnessed the blow to Thomas' face and head. Deputy Klein and the other deputies continued beating Thomas, using knees, elbows, fists, punches to the back of head and base of skull. The beating did not stop, despite Thomas being completely motionless. During the duration, Thomas was neither armed nor fighting with the deputies.

(SAC ¶20). Thomas was transported to Tri-City Medical Center in Oceanside where he was treated for his injuries. (SAC ¶22). Thomas was never charged with a crime.

(SAC ¶23).

On June 19, 2017, Plaintiffs allegedly satisfied the statutory claims presentment requirement by submitting an administrative claim to City. (SAC ¶4). On September 14, 2017, City denied the claim and then tendered the claim to County. On September 21, 2017, County, without rejecting the claim, advised City to reject the claim. Id.

**DISCUSSION**

**Legal Standards**

Fed.R.Civ.P.12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the

plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

### Pleading Civil Rights Claims

Prior to Iqbal and Twombly, "a claim of municipal liability under § 1983 [was] sufficient to withstand a motion to dismiss even if the claim [was] based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir.2007). In addressing the impact of Iqbal and Twombly on the pleading standards for civil rights cases, the Ninth Circuit has stated:

> we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631,637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202 (9th Cir.2011)).

**The Motions**

### The Monell Claims and Respondeat Superior (Second Cause of Action)

Defendants City, County, Sheriff, and Deputy Mayor move to dismiss the Monell and respondeat superior claims asserted against them in the Second Cause of Action on grounds that the SAC's allegations are conclusory and fail to state a claim for municipal or respondeat superior liability. As set forth in previous orders, under 42 U.S.C. § 1983, "[e]very person" who acts under color of state law may be sued. The term "person" has been interpreted broadly, even to include cities, counties, and other

local government entities. See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Municipalities, their agencies and their supervisory personnel cannot be held liable under §1983 on any theory of respondeat superior or vicarious liability. They can, however, be held liable for deprivations of constitutional rights resulting from their formal policies or customs. See Monell, 436 U.S. at 691-693; Watts v. County of Sacramento, 256 F.3d 886, 891 (9th Cir. 2001); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986).

Locating a "policy" ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." Board of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694). Similarly, an act performed pursuant to a "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. (citing Monell, 436 U.S. at 690-691); see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989) (holding that municipal liability under § 1983 may be shown if Plaintiff proves that the employee committed alleged constitutional violation pursuant to a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity.").

"To bring a § 1983 claim against a local government entity, a plaintiff must plead that a 'municipality's policy or custom caused a violation of the plaintiff's constitutional rights." Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles, 648 F.3d 986, 992-93 (9th Cir. 2011). A plaintiff must show (1) he possessed a constitutional right of which he was deprived, (2) the municipality had a policy, (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the policy is the "moving force behind the constitutional violation." Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006). "For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy

must be closely related to the ultimate injury," and the plaintiff must establish "that the injury would have been avoided had proper policies been implemented." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1190 (9th Cir. 2006).

The failure to adequately train public safety officers is actionable under 42 U.S.C. §1983 where the failure to do so "amounts to deliberate indifference to the rights of persons with whom the police come into contact" such that the failure to train may be considered an official policy or custom that caused the constitutional deprivation. City of Canton v. Harris, 489 U.S. 489 378, 388 (1989). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citations omitted). Thus, a municipal policymaker must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." Id. Otherwise, "de facto respondeat superior liability" would result. Id. at 62. Thus, a plaintiff must allege and prove a "pattern of similar constitutional violations by untrained employees" or "[a failure] to train its employees to handle recurring situations presenting an obvious potential for" constitutional violations . Id.; Board of Cty. Com'rs of Bryan Cty. v. Brown, 520 U.S. 397, 409 (1997).

With respect to City, County, Sheriff, and Deputy Mayor, Plaintiffs allege they are liable under 42 U.S.C. §1983 for

> unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its deputies/patrol officers, proximately causing the constitutional deprivations, and injuries and damages alleged in the First Cause of Action. Plaintiffs are further informed and believe that other citizens have been treated unlawfully and abused by defendant City and County deputies/patrol officers originating out of the Vista substation, but the City and County, through its patrol division, has a custom, policy or practice of failing to properly investigate citizen complaints and failing to take corrective or disciplinary action against officers who act improperly, thus leading to constitutional violations against Thomas.

(SAC ¶32). In support of this boilerplate allegation, Plaintiffs allege that Deputy Klein allegedly beat an inmate unconscious but "was not adequately disciplined;" exhibited

"bullying" behavior toward another bicyclist, and he was turned down for employment with the Riverside Sheriff's Department because of alleged untruthful answers to whether he had ties to white supremacy groups. (SAC ¶¶34, 35). Plaintiffs also cite several incidents involving other deputies who are alleged to have used unnecessary force against citizens. (SAC ¶¶37- 39). Plaintiffs also allege that the County and City "look the other way" when deputies engage in wrongful behavior because of staffing shortages. (SAC ¶40).

As with Plaintiffs' earlier complaints, the SAC's allegations fall short of establishing a Monell claim. The SAC's reference to several random incidents allegedly involving County and City officials using unnecessary force do not establish a cognizable §1983 claim. Of the approximately 15,000 annual contacts between the citizenry and County and City's deputies, Plaintiffs cite only a few incidents of alleged excessive force.[2] Such allegations do not reasonably establish either a custom, practice, or policy; and are insufficient to establish a claim for liability under Monell. Plaintiffs conclusory allegations fail to comply with the requisite pleading standards. After Iqbal, boilerplate allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 56 U.S. at 662.

Plaintiffs' alleged claims against Defendant Gore in his individual capacity fail for the same reasons.[3] The SAC's conclusory and tangential allegations are exemplified by Plaintiff's ratification theory allegations. Plaintiffs allege that Gore and Franklin engaged in an unwritten code of silence, shirked their responsibilities as City and County officials, and represented (or misrepresented) that the City and County had "policies and procedures regarding policing." (SAC ¶¶41-43). Such conduct, Plaintiffs

---

[2] 2017 San Diego County Sheriff's Department Annual Report. See www.sdsheriff.net.

[3] The §1983 claims alleged against Sheriff and Deputy Mayor in their official capacities are dismissed as redundant of the claims alleged against County and City, respectively. Victoria v. City of San Diego, 326 F.Supp.3d 1003. 1014 (S.D. Cal. 2018).

conclude, constitutes "ratification of, and acquiescence in, acts of excessive force, false arrest, unlawful search and seizure and other improprieties by deputies/patrol officers." (SAC ¶43). The boilerplate allegations do not support Plaintiffs' conclusion.

In sum, the court grants the motion to dismiss the Second Cause of Action against City, County, Sheriff in his official and individual capacities, and Deputy Mayor in his official capacity without prejudice.

**The Claim Presentment Argument**

Defendants argue that Plaintiffs have failed to comply with California's claim presentation requirement. See Cal. Govt. Code §§910, 912.4, 915, 945.4. Specifically, Defendants argue that the failure to timely present Plaintiffs' administrative claim to the County, despite County's actual knowledge of the administrative claim, constitutes a failure to timely present a claim for damages and, therefore, bars the state law claims against these Defendants.

As a general California state law statutory requirement, an action for money damages may not be maintained against a public entity unless a written claim is timely presented to the public entity and rejected in whole or part. Cal. Govt. Code §§905, 905.2, 945.4. Although there is little agreement between the parties on whether Plaintiffs have complied with the claims presentment requirements against the Deputies, it is at least clear that Plaintiffs presented the claim to the City on June 19, 2017, within 6 months of the December 20, 2016 incident. (Defendants' Request for Judicial Notice "RJN" Exh. 1). The claim identified three Deputy Sheriffs as the perpetrators of the alleged incident. On September 14, 2017, the claim was mailed by City to County's Office of County Counsel. (RJN Exh. 3). On September 21, 2017, a Claims Representative from the Office of County Counsel acknowledged receipt of the tender letter, and recommended to the City that the claim be rejected. (RJN Exh. 4).

Here, even if a claim was not presented as statutorily mandated, a timely misdirected claim will be deemed presented if "[i]t is actually received by the clerk, secretary, auditor or board of the local public entity." Gov. Code §915(e)(1). On the

present motion, drawing reasonable inferences in favor of Plaintiffs, the court concludes that they have preliminarily established that the claim was received by a Claims Representative at County Counsel's office. Beyond that, the parties have failed to inform the court whether a Claims Representative with County Counsel is one of the entities statutorily designated to receive notice of a claim for money damages or may otherwise qualify under §915(e)(1). Discovery will reveal whether the Claims Representative at County Counsel is one of the statutorily defined entities required for a claim to be "deemed presented."

Next, County Defendants argue the claim was not timely served on County within the six month statutory period for presentment of a claim. The statutory scheme does not contain provisions for tolling the six-month presentation period. See Dujardin v. Ventura County Gen Hosp., 69 Cal.3d 350, 358 (1977); Cal. Gov't Code §945.3 ("Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to section 911.2."). Rather than dispute the timeliness of the claims presentment requirement, Plaintiffs respond that City was the proper entity to receive the claim because there was an "employment relationship between the City [] and deputies, here Klein, Muli and Ventura." (Oppo. at p.13:20-22; SAC ¶¶4-6).

Whether an employment or agency relationship exists is primarily a question of fact. Riley v. SW Marine, Inc., 203 Cal.App.3d 1242, 1250 (1988). "Factors relevant to determining whether an employee is the borrowed employee of another include: (1) whether the borrowing employer's control over the employee and the work he is performing extends beyond mere suggestion of details or cooperation; (2) whether the employee is performing the special employer's work; (3) whether there was an agreement, understanding, or meeting of the minds between the original and special employer; (4) whether the employee acquiesced in the new work situation; (5) whether the original employer terminated his relationship with the employee; (6) whether the special employer furnished the tools and place for performance; (7) whether the new

employment was over a considerable length of time; (8) whether the borrowing employer had the right to fire the employee; and (9) whether the borrowing employer had the obligation to pay the employee." Id.; see Palomares v. Bear Sterns Residential Mortg. Corp., 2008 WL 686683, at *4 (S.D. Cal. Mar.13, 2008) ("To allege an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent holds power to alter legal relations between principal and third persons and between principal and himself; (2) that the agent is a fiduciary with respect to matters within scope of agency; and (3) that the principal has the right to control conduct of agent with respect to matters entrusted to him. Garlock Sealing Technologies LLC v. NAK Sealing Technologies, Corp., 148 Cal.App.4th 937, 965 (2007))."

Here - - consistent with the mandate of Rule 1 to achieve the just, fair, and efficient resolution of every action, despite Plaintiffs' relatively weak allegations supportive of their efforts to comply with the claims presentment requirement, the court denies the motions to dismiss all state law claims. For the above identified reasons, the court is concerned about Plaintiffs' ability to show (1) that the claim was presented to an entity authorized to receive claims under §915(e)(1) and (2) that agency or employment principles apply to "deem" presentment of a claim on City as timely presentment of a claim on County. Resolution of these issues are better addressed in the context of an evidentiary motion, and not on a Rule 12(b)(6) motion.

In sum, the court grants County, City, Sheriff, and Deputy Mayor's motion to dismiss the Second Cause of Action and denies the remainder of the motions to dismiss the state law claims.

**IT IS SO ORDERED.**

DATED: February 27, 2019

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties