UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M DELEON, II, Conservator of the Estate of Thomas M. deLeon, III and SALLY DELEON, Conservator of the Estate of Thomas M. deLeon, III,<br><br>                                      Plaintiffs,<br><br>v.<br><br>CITY OF VISTA, et al.,<br><br>                                      Defendants. | Case No.:  18CV714 BGS<br><br>**ORDER ON MOTION FOR APPROVAL OF SETTLEMENT**<br><br>[ECF 70-71, 75] |

Conservators of the Estate of Thomas M. deLeon, III – Plaintiff Thomas M. deLeon, II and Plaintiff Sally deLeon – have filed a Motion seeking the Court's approval of the parties' settlement of claims brought on behalf of Thomas M. deLeon, III. (ECF 70.[1]) The Motion reflects the parties have entered into a Settlement Agreement and seek approval of the distribution of settlement proceeds to the Estate of Thomas deLeon, III through the conservators. The Court ordered Plaintiffs' counsel to file a supplemental brief with documentation that the conservators have read, understand, and agree with the

---

[1] A declaration in support was filed separately. (ECF 71.) Defendants filed a Non-Opposition to the Motion. (ECF 73.)

1

distribution of proceeds sought by Plaintiffs' counsel in the Motion. (ECF 74.) Plaintiffs have now filed that Supplemental Brief with declarations from each Conservator in which they confirm that they have reviewed, understand, and agree to the distribution of settlement proceeds set forth in the Motion. (ECF 75.)

This case arises from allegations that Thomas deLeon, III was approach by three San Diego County Sheriff's Deputies that ultimately threw him to the ground headfirst resulting in his head hitting the pavement, kicked him, and kneed him in the head, neck, back, and torso. (*Id.* at ¶ 2.) He suffered visible physical injuries requiring treatment at an emergency, but no further treatment. (*Id.* at ¶¶ 2-3.) He later sought mental health care for emotional distress resulting from the incident. (*Id.* at ¶ 4.)

The case has settled in its entirety for $250,000. (*Id.* ¶ 7.) Plaintiffs' request distribution of the settlement as follows:

> a. Gross amount of settlement proceeds for claim: $ 250,000;
> b. Attorneys' fees: $ 87,500, Cost: $ 18,451.78;
> [c.] Balance of settlement proceeds available to the Estate of [Thomas deLeon, III,][2] through the conservators, after payment of all fee/costs/expenses: $ 144,048.22.

(ECF 75 ¶ 7; ECF 75-1 (Decl. of Thomas deLeon, II) ¶ 3; ECF 75-2 (Declaration of Sally deLeon) ¶ 3.)

Pursuant to Civil Local Rule 17.1 settlement of claims in which a minor or incompetent has an interest must be approved by the Court. Here, the Conservators have provided documentation that they have been duly appointed as conservators for the Estate of Thomas deLeon, II by February 28, 2018 Order of the Superior Court because he is substantially unable to manage his finances or resist fraud or undue influence. (ECF 70-1.) Having reviewed the Motion, supporting documents, and declarations, the Court

---

[2] Plaintiffs' filing incorrectly identifies Thomas deLeon, III as a plaintiff in this case. However, he is not listed as a Plaintiff in the operative complaint (ECF 30.) Rather, the case was brought on his behalf by the Conservators. (*Id.*)

finds, based on its knowledge of the facts of the case that the net amount to be distributed to the Estate of Thomas deLeon, III from the settlement is fair and reasonable considering the facts of the case.  *See Robidoux v. Rosenberg*, 638 F.3d 1177, 1181-82 (9th Cir. 2011) (Explaining the court's duty when claims of minors are settled).  Accordingly, the Court approves the following distribution of settlement funds:

1. The amount of $144,048.22 (the balance of settlement proceeds) shall be paid to the estate of Plaintiff Thomas M. deLeon, III, through the conservators, Thomas deLeon, II and Sally deLeon.;
2. The amount of $18,451.78 shall be paid to Brian K. Cline (Cline, APC) as reimbursement of costs;
3. The amount of $87,500.00 shall be paid to Brian K. Cline (Cline, APC) as attorneys' fees.

Joint Motion to Dismiss the case shall be filed by **August 24, 2020**.[3]

**IT IS SO ORDERED.**

Dated:  July 23, 2020

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[3] All remaining dates set in the Scheduling Order were vacated by Judge Miller's February 13, 2020 Order.  (ECF 68.)